Charles S. Birenbaum (SBN: 107894)
cbirenbaum@winston.com
Robert Spagat (SBN: 157388)
rspagat@winston.com
Allison M. Dibley (SBN: 213104)
adibley@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5894
Telephone:   415-591-1000
Facsimile:   415-591-1400

ATTORNEYS FOR DEFENDANT
FLUOR CONSTRUCTORS INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| U.A. LOCAL 342 APPRENTICESHIP & TRAINING TRUST FUND and JAMES WILLIAMS, as Trustee of the above TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>FLUOR CONSTRUCTORS INTERNATONAL, INC., a California Corporation<br><br>Defendant. | Case No. CV 08  2901 PJH<br><br>**DEFENDANT FLUOR CONSTRUCTORS INTERNATIONAL, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant FLUOR CONSTRUCTORS INTERNATIONAL, INC. ("FCII") hereby responds to the Complaint filed by Plaintiffs U.A. Local 342 Apprenticeship & Training Trust Fund (the "Fund") and James Williams ("Williams") (collectively "Plaintiffs").  FCII denies any allegation not specifically admitted herein and further states the following:

### I.    COMMON FACTUAL ALLEGATIONS

1. FCII admits that Plaintiffs purport to bring an action to collect unpaid contributions to a multi-employer benefit plan pursuant to the terms of that plan and a collective bargaining agreement; FCII denies that Plaintiffs' claims, however, have any merit and that any contributions are due.  FCII admits that this Court has subject matter jurisdiction over claims properly brought for

1

**DEFENDANT FLUOR CONSTRUCTORS INTERNATIONAL, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

SF:211144.1

unpaid contributions to multi-employer benefit plans pursuant to 29 U.S.C. § 185, 29 U.S.C. § 1132(e), and 28 U.S.C. § 1331.  FCII denies any and all allegations and conclusions of law in Paragraph 1 of the Complaint not expressly admitted.

2. FCII admits that venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).  FCII admits that it conducts business in this judicial district and in Contra Costa County.  FCII is without information or belief concerning where the Fund is administered and, on that basis, denies those allegations.  FCII denies any and all allegations in Paragraph 2 of the Complaint not expressly admitted.

3. FCII is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 3 and, on that basis, denies those allegations.

4. FCII is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 4 and, on that basis, denies those allegations.

5. FCII admits that it is a signatory to the General Presidents' Project Maintenance Agreement ("GPPMA") for the Hydrocracker Expansion Project at the Conoco Phillips Rodeo Refinery in Contra Costa County, California;  FCII denies that the GPPMA requires additional contributions to the Fund, and objects to the selective quotation of portions of the GPPMA.  FCII denies any and all allegations in Paragraph 5 of the Complaint not expressly admitted, and denies all conclusions of law asserted in this Paragraph.

6. FCII admits that it is a California corporation, corporate license number C0791487 and California contractor's license number 371169.  FCII also admits that it is engaged in the construction of industrial facilities in Contra Costa County, California.  FCII denies any and all allegations in Paragraph 6 of the Complaint not expressly admitted.

7. FCII denies any and all allegations and conclusions of law in Paragraph 7 of the Complaint.

8. FCII denies any and all allegations and conclusions of law in Paragraph 8 of the Complaint.

9. FCII admits that it has not made any contributions to the Joint Labor-Management

**Winston & Strawn LLP**
**101 California Street**
**San Francisco, CA 94111-5894**

2
**DEFENDANT FLUOR CONSTRUCTORS INTERNATIONAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

SF:211144.1

Cooperation Committee or to any Contract Administration Fund. FCII denies any and all allegations and conclusions of law in Paragraph 9.

10. FCII admits that it makes contributions of $1.10 per hour to the Fund. FCII is without knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the second and third sentences of Paragraph 10 of the Complaint and, on that basis, denies those allegations. FCII denies any and all allegations and conclusions of law in Paragraph 10 of the Complaint not expressly admitted.

11. The allegations set forth in this Paragraph are conclusions of law to which no response is required. FCII denies that any liquidated damages, fees or penalties are owed.

## II.   FIRST CLAIM
(ERISA – 29 U.S.C. § 1145)

12. FCII restates and incorporates by reference its responses to Paragraphs 1-11.

13. FCII admits that Plaintiffs purport to bring an action to collect unpaid contributions to a multi-employer benefit plan pursuant to the terms of that plan and a collective bargaining agreement. FCII admits that this Court has subject matter jurisdiction over claims properly brought for unpaid contributions to multi-employer benefit plans pursuant to 29 U.S.C. § 1132 (e). FCII denies any and all allegations and conclusions of law in Paragraph 13 of the Complaint not expressly admitted.

14. FCII denies the allegations and conclusions of law contained in Paragraph 14 of the Complaint.

15. FCII denies the allegations and conclusions of law contained in Paragraph 15 of the Complaint.

## III.   SECOND CLAIM
(LMRA)

16. FCII restates and incorporates by reference its responses to Paragraphs 1-11 and 13-15.

17. FCII admits that Plaintiffs purport to bring an action to collect unpaid contributions to

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

a multi-employer benefit plan pursuant to the terms of that plan and a collective bargaining agreement. FCII admits that this Court has subject matter jurisdiction over claims properly brought for unpaid contributions to multi-employer benefit plans pursuant to 29 U.S.C. § 185. FCII denies any and all allegations and conclusions of law in Paragraph 17 of the Complaint not expressly admitted.

18. FCII denies that Plaintiffs may pursue a claim against FCII. FCII denies any and all allegations in Paragraph 18 of the Complaint not expressly admitted.

### IV. PRAYER FOR RELIEF

19. FCII denies the allegations of Paragraphs 1-6 of Plaintiffs' Prayer for Relief and further denies that Plaintiffs are entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

By way of affirmative defense to the allegations of the Complaint herein, FCII alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred, in whole or in part, for failure to exhaust required administrative and contractual remedies.

### FIFTH AFFIRMATIVE DEFENSE

This Court is without jurisdiction to adjudicate this matter as Defendant is not a party to any labor agreement with Plaintiffs requiring the alleged contributions.

### SIXTH AFFIRMATIVE DEFENSE

Any alleged failure to make contributions to Plaintiff Trust Fund has been waived by

Plaintiffs, or others with authority to waive any such obligations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because primary jurisdiction falls under the National Labor Relations Act, 29 U.S.C. § 151, et. seq. ("NLRA"), and because the NLRA provides the primary remedies and procedures for relief for Plaintiffs' claims.

### NINTH AFFIRMATIVE DEFENSE

Any and all amounts that were due to the Fund under the terms of the GPPMA were timely paid by FCII.

### TENTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts upon which an award of liquidated damages may be made.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts upon which an award of interest may be made on any contributions to the Fund allegedly due and owing.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to set forth facts upon which an award of attorneys' fees and costs may be made.

### THIRTEENTH AFFIRMATIVE DEFENSE

FCII is not a named fiduciary within the meaning of the plan or trust instrument, nor a named or appointed trustee, and has never accepted any such position or appointment.

### FOURTEENTH AFFIRMATIVE DEFENSE

FCII has exercised no discretionary authority nor discretionary control concerning management of the Fund, nor rendered investment advice, nor did FCII exercise any authority or control concerning the management or disposition of the Fund's assets.

///

### FIFTEENTH AFFIRMATIVE DEFENSE

The Fund is not a fiduciary and, thus, is not entitled to bring a claim under ERISA.

WHEREFORE, FCII prays that the Complaint be dismissed with prejudice and that this Court order such other and further relief as is just and proper.

Dated: July 17, 2008              WINSTON & STRAWN LLP


By:  /s/ Charles S. Birenbaum
     Charles S. Birenbaum
     Robert Spagat
     Allison M. Dibley
     Attorneys for Defendant
     FLUOR CONSTRUCTORS
     INTERNATONAL, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

6
**DEFENDANT FLUOR CONSTRUCTORS INTERNATIONAL, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

SF:211144.1