WINSTON & STRAWN LLP
Charles S. Birenbaum (SBN: 107894)
cbirenbaum@winston.com
Allison M. Dibley (SBN: 213104)
adibley@winston.com
101 California Street, 39th Floor
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendant
FLUOR CONSTRUCTORS INTERNATIONAL, INC.

NEYHART, ANDERSON, FLYNN & GROSBOLL
William J. Flynn (SBN 95371)
Scott M. De Nardo (SBN 216749)
44 Montgomery Street, Suite 2080
San Francisco, CA 94104
Telephone: 415-677-9440
Facsimile: 415-677-9445

Attorneys for Plaintiffs
U.A. LOCAL 342 APPRENTICESHIP & TRAINING TRUST
FUND and JAMES WILLIAMS as Trustee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.A. LOCAL 342 APPRENTICESHIP & TRAINING TRUST FUND and JAMES WILLIAMS, as Trustee of the above TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>FLUOR CONSTRUCTORS INTERNATIONAL, INC.<br><br>Defendant. | Case No. CV 08-2901 PJH<br><br>STIPULATION TO DISMISS WITH PREJUDICE AND [~~PROPOSED~~] ORDER<br><br>[F.R.C.P. 41(a)(1)] |

WHEREAS, on June 10, 2008, the U.A. Local 342 Apprenticeship & Training Trust Fund (the "Fund") and James Williams as Trustee of the Fund filed a complaint ("Complaint") against Fluor Constructors International, Inc. ("FCII"), alleging that Fluor had failed to make contributions to the Fund as allegedly required by the General Presidents' Project Maintenance Agreement (the "GPPMA"); and,

WHEREAS, FCII denies that it was required to make such contributions; and,

STIPULATION TO DISMISS AND [PROPOSED] ORDER – Case No. CV 08-2901 PJH

WHEREAS, Article XII, Section 2 of the GPPMA, as amended for the Hydrocracker Expansion Project at the ConocoPhillips Rodeo Refinery in Contra Costa County, California to which Fluor is a signatory was amended to state that "[p]rovisions in local collective bargaining agreements which require that an Employer pay additional contributions into certain employee benefit funds in lieu of payments into industry advancement and/or promotional funds or contract administration funds are not recognized and shall have no legal force or effect."; and,

WHEREAS, the parties have agreed to resolve this matter through a Settlement Agreement (the "Agreement"), and completely executed copy of which is attached hereto as Exhibit A, and desire to avoid any future disputes.

NOW THEREFORE, IT IS STIPULATED by and between the parties to this action through their designated counsel that the above-captioned action should be dismissed with prejudice pursuant to FRCP 41(a)(1), with each side to bear its own costs and attorneys' fees in this matter.

Dated: October 28, 2008

NEYHART, ANDERSON, FLYNN & GROSBOLL

By: _____
Scott M. DeNardo
Attorneys for Plaintiffs
U.A. LOCAL 342 APPRENTICESHIP & TRAINING TRUST FUND and JAMES WILLIAMS as Trustee

Dated: October __, 2008

WINSTON & STRAWN LLP

By: _____
Charles S. Birenbaum
Attorneys for Defendant
FLUOR CONSTRUCTORS INTERNATIONAL, INC.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5894

**ORDER**

Based on a Settlement Agreement by and among the parties and a non-party, a completely executed copy of which is attached hereto as Exhibit A, IT IS HEREBY ORDERED that the Complaint be dismissed in its entirety, with prejudice.

Dated: 11/10/08

_____
HON. PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE

IT IS SO ORDERED
Judge Phyllis J. Hamilton

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT (hereinafter referred to as the "Agreement") is between U.A. Local 342 Apprenticeship & Training Trust Fund (the "Fund"), James Williams ("Williams"), Trustee of the Fund and Business Manager of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, Local 342, AFL-CIO, Fluor Constructors International, Inc. ("FCII"), and Local 342 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO ("Local 342") (collectively, the "Parties").

### RECITALS

WHEREAS, the Fund and Williams filed a lawsuit on June 10, 2008, entitled <u>U.A. Local 342 Apprenticeship & Training Trust Fund and James Williams, as Trustee of the above Trust v. Fluor Constructors International, Inc.</u>, Case No. CV 08-2901, in the U.S. District Court for the Northern District of California (the "Lawsuit");

WHEREAS, the Parties agree that Local 342, a non-party to the Lawsuit, shall be a signatory to, and bound by, this Agreement because, absent Local 342's agreement to the covenants contained herein, Local 342 could attempt to pursue claims similar to those stated in the Lawsuit against FCII pursuant to various collective bargaining agreements;

WHEREAS, FCII is a signatory to the General Presidents' Project Maintenance Agreement (the "GPPMA") which was supplemented and amended for the Hydrocracker Expansion Project at the ConocoPhillips Rodeo Refinery in Contra Costa County (the "Project"), California;

WHEREAS, the Lawsuit involves a dispute regarding whether Article XII, Section 2, and Appendix A, Article XII which supplements and amends the GPPMA for the Project, requires FCII to make additional contributions to certain employee benefit funds such as the Fund in lieu of payments into industry advancement and/or promotional funds or contract administration funds. Article XII, Section 2 of the GPPMA reads as follows:

> Fringe benefits as negotiated in local and/or national working agreements shall be paid in addition to wage rates as specified in Schedule "A". Only bona fide fringe benefits which accrue to the direct benefit of the individual craft employee are required. This includes health & welfare funds, annuity, vacation, apprenticeship, training funds, and pension funds. Construction industry promotional funds are not applicable under terms of this Agreement. **(Bulletins 9, 10 & 18);**

WHEREAS, the Parties wish to resolve the Lawsuit because the Parties acknowledge and agree that Article XII, Section 2 of the GPPMA, as amended for the Project, does not require FCII to make additional contributions to certain employee benefit funds such as the Fund in lieu of payments into industry advancement and/or promotional funds or contract administration funds. Appendix A, Article XII of the GPPMA reads as follows:

1

# EXHIBIT A

> ~~Amend Section 2, Provisions in local collective bargaining agreements~~
> which require that an Employer pay additional contributions into certain
> employee benefit funds in lieu of payments into industry advancement
> and/or promotional funds or contract administration funds are not
> recognized and shall have no legal force or effect. (hereafter referred to as
> the "GPPMA Amendment);

WHEREAS, FCII is a signatory to the National Maintenance Agreement (the "NMA") which was amended for the Chevron Richmond Refinery Energy and Hydrogen Renewal Project (the "Chevron Project"). Article IX, Paragraph 3 of the NMA reads as follows:

> Industry Advancement or Promotion Funds called for in the Local Labor
> Agreement maybe paid at the discretion of the Employer;

WHEREAS, Article IX, Paragraph 3 of the NMA, as amended for the Chevron Project, contains similar language as Article XII, Section 2 of the GPPMA, as supplemented and amended for the Project, and, therefore, the Parties acknowledge and agree that Article IX, Paragraph 3 of the NMA, and Appendix B, Article IX which supplements and amends the NMA for the Chevron Project, does not require FCII to make additional contributions to certain employee benefit funds such as the Fund in lieu of payments into industry advancement and/or promotional funds or contract administration funds. Appendix B, Article IX of the NMA reads as follows:

> Amend Paragraph 3. Employers shall have no obligation to make
> payments into industry advancement and/or promotion funds or contract
> administration funds. Provisions in local collective bargaining agreements
> which require that an Employer pay additional contributions into certain
> employee benefit funds in lieu of payments into industry advancement
> and/or promotional funds or contract administration funds are not
> recognized and shall have no legal force or effect. (hereafter referred to as
> the "NMA Amendment"); and

WHEREAS, the Parties rest this settlement on consideration of the decision of the United States District Court for the Eastern District of Michigan in <u>Joint Admin. Comm. of the Plumbing and Pipefitting Indus. in the Detroit Area v. Washington Group Int'l</u>, Case No. 06-14288, 2008 U.S. Dist. LEXIS 1448 at * 12 (E.D. Mich. Jan. 9, 2008) where the court held "that industry promotion fund contributions, or additional contributions to other funds in lieu of such contributions, are not required by the GPPMA."; and

WHEREAS, the Parties wish to forever and finally resolve all issues concerning the payment of additional contributions to certain employee benefit funds in lieu of payments into industry advancement and/or promotional funds or contract administration funds under the GPPMA, as supplemented and amended for the Project, under the NMA, as supplemented and amended for the Chevron Project, and under any other national or international project labor agreement or collective bargaining agreement or amendment thereto entered into by FCII that contains language similar to the language in Article IX, Paragraph 3, Appendix B, Article IX of the NMA, as supplemented and amended for the Chevron Project and Article XII, Section 2,

Appendix A, Article XII, of the GPPMA, as supplemented and amended for the Project.

NOW, THEREFORE, in consideration of the promises set forth below and other valuable consideration, the adequacy of which is hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

## TERMS & CONDITIONS

1. <u>Dismissal of Lawsuit with Prejudice</u>. In exchange for the promises contained in this Agreement, the Fund and Williams, on behalf of themselves and/or any successors and assigns, agree to stipulate for dismissal of their Complaint with prejudice, and sign the Stipulation of Dismissal with Prejudice attached as Exhibit A to dismiss the Lawsuit ("Dismissal Order").

2. <u>Covenant Not to Pursue Claims</u>.

(a) The Parties to this Agreement agree that the claims and allegations in the Complaint comprise claims for contributions into certain employee benefit funds in lieu of contributions into industry advancement and/or promotional funds or contract administration funds (the "Complaint Allegations"). Article XII, Section 2, Appendix A, Article XII of the GPPMA, as supplemented and amended for the Project (the "GPPMA Amendment"), and Article IX, Paragraph 3, Appendix B, Article IX of the NMA, as supplemented and amended for the Chevron Project (the "NMA Amendment"), both provide that provisions in local collective bargaining agreements which require that an Employer pay additional contributions into certain employee benefit funds in lieu of payments into industry advancement and/or promotional funds or contract administration funds are not recognized and shall have no legal force or effect (collectively, the "Fund Amendments"). The Fund, Williams, and Local 342, on behalf of themselves and/or any successors and assigns, hereby covenant and agree to waive any right they have to file or initiate, or cause to be filed or initiated, any lawsuit, unfair labor practice charge, grievance, action, or administrative claim against FCII or any of its affiliates in any federal or state judicial or administrative forum that includes any claim or allegation that is similar to any claim or allegation made in the Lawsuit when the applicable national or international project labor agreement or collective bargaining agreement to which FCII is a signatory includes language similar to the Fund Amendments.

(b) The Fund, Williams, and Local 342, on behalf of themselves and/or any successors and assigns, specifically covenant and agree to waive any right to file or initiate, or cause to be filed or initiated, any lawsuit, unfair labor practice charge, action, or administrative claim against FCII or any of its affiliates in any federal or state judicial or administrative forum that includes any claim or allegation that either the NMA, as supplemented and amended for the Chevron Project with the NMA Amendment, or the GPPMA, as supplemented and amended for the Project with the GPPMA Amendment, requires FCII to make additional contributions to alternative funds such as the Fund in the underlying case in lieu of industry advancement or contract administration fund contributions.

(c) The Parties, on behalf of themselves and/or any successors and assigns, intend to be and remain bound indefinitely by the covenants and promises stated in this Section 2 regardless

3

of whether the court's ruling in <u>Joint Admin. Comm. of the Plumbing and Pipefitting Indus. in the Detroit Area v. Washington Group Int'l</u>, Case No. 06-14288, 2008 U.S. Dist. LEXIS 1448 at * 12 (E.D. Mich. Jan. 9, 2008) is modified, amended, overturned or reversed on appeal, not followed by another court or forum with appropriate jurisdiction, or preempted by legislation.

3.   <u>Normal Principals of *Res Judicata* Apply</u>. The Parties understand and agree that the ordinary legal principals of *res judicata* and collateral estoppel will govern as to the binding effect of this Agreement on the Trust, Williams, FCII, and Local 342, on behalf of themselves and/or any successors and assigns.

4.   <u>Consideration</u>. In consideration for this Agreement, FCII agrees to pay its own attorneys' fees and costs associated with the Litigation and to release any and all claims it may have against the Fund and Williams for reimbursement of its attorneys' fees and costs.

5.   <u>Release of Claims</u>. (a) In consideration of the mutual promises, covenants and agreements set forth in this Agreement, the Trust shall forever, for itself and its agents, assigns, heirs, administrators, executors, estates, and representatives (the "Releasors"), release and forever discharge FCII, and its respective officers, agents, executives, employees, attorneys, shareholders, successors and assigns (the "Releasees") from all claims, demands, actions, setoffs, causes of action, duties, suits, administrative proceedings and liabilities of any kind, at law or in equity, which the Releasors may have had, now have, or hereafter may have against the Releasees, whether known or unknown, suspected or unsuspected at the present time, or which may be based upon acts, claims, or events occurring up to the date of this Agreement related to the Complaint Allegations.

(b) In consideration of the mutual promises, covenants and agreements set forth in this Agreement, Williams shall forever, for himself and his agents, assigns, heirs, administrators, executors, estates, and representatives (the "Releasors"), release and forever discharge FCII, and its respective officers, agents, executives, employees, attorneys, shareholders, successors and assigns (the "Releasees") from all claims, demands, actions, setoffs, causes of action, duties, suits, administrative proceedings and liabilities of any kind, at law or in equity, which the Releasors may have had, now have, or hereafter may have against the Releasees, whether known or unknown, suspected or unsuspected at the present time, or which may be based upon acts, claims, or events occurring up to the date of this Agreement related to the Complaint Allegations.

(c) The Fund and Williams agree that this Agreement waives and releases any claims related to the Complaint Allegations which would otherwise be preserved by operation of Section 1542 of the California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known to him or her must have materially affected his settlement with the debtor.**

4

The Fund and Williams understand and agree that they are releasing FCII from all claims, whether known or unknown to it, and whether or not they suspect that such claims may exist at this time related to the Complaint Allegations.

6. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

7. The terms contained in this Agreement constitute the entire agreement between the Parties with respect to the subject matter hereof and supersede all prior negotiations, representations or agreements relating thereto whether written or oral. The Parties hereby represent that in executing this Agreement, they have not relied upon any representation or statement not set forth herein. No amendment or modification of this Agreement shall be valid or binding upon the Parties unless in writing and signed by all Parties.

8. In the event that any one or more of the provisions of this Agreement is held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions will not in any way be affected or impaired thereby. Moreover, if any one or more of the provisions contained in this Agreement is held to be excessively broad as to duration, scope, activity or subject, such provisions will be construed by limiting and reducing them so as to be enforceable to the maximum extent compatible with applicable law.

9. This Agreement will be governed by the laws of the State of California without regard to the conflicts of laws principles thereof.

In witness whereof, the Parties have executed this Agreement:

Dated: October 26, 2008

U.A. LOCAL 342 APPRENTICESHIP & TRAINING TRUST FUND

By: _____
JAMES WILLIAMS, Trustee

Dated: October 26, 2008

JAMES WILLIAMS, Trustee

_____

Dated: October 26, 2008

LOCAL 342 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL-CIO

By: _____
JAMES WILLIAMS, Business Manager

5

Dated: October ___, 2008          FLUOR CONSTRUCTORS INTERNATIONAL, INC.

By:_____
   [NAME]
   [TITLE]

Dated: October 26, 2008

APPROVED AS TO FORM:

*[signature]*

Neyhart, Anderson, Flynn & Grosboll
Scott M. DeNardo

Dated: October 30, 2008

FLUOR CONSTRUCTORS INTERNATIONAL, INC.

By: /s/ Richard P. Carter
RICHARD P. CARTER, President

Dated: October __, 2008

APPROVED AS TO FORM:

_____
Neyhart, Anderson, Flynn & Grosboll
Scott M. DeNardo